THE MEMPHIS & ST. LOUIS PACKET Co. *v.* STEAM-BOAT H. C. YAEGER and others.

(*District Court, E. D. Missouri.* November 23, 1880.)

1. COLLISION—DAMAGES. — The expenses from the port of departure to the place of collision, and of return to the port of repairs, will not be allowed in damages.

In Admiralty. On exceptions to commissioner's report.

*Noble & Orrick,* proctors for libellant.

*Given Campbell,* proctor for libellee.

TREAT, D. J. The court having heretofore decided that the collision was one of mutual fault, the only question remaining was to determine the amount of damages, and

apportion them accordingly; that is, a moiety of the aggregate against each of the parties. Exceptions by libellant are that the expenses from port of departure to place of collision and return to port of repair (which is port of departure) have not been allowed. The rule is "*restitutio in integram;*" but, to ascertain under that rule what is allowable, the courts have been compelled to exclude the inquiry into speculative or possible profits.

It may seem that the full restitution against a maritime tort should cover all the expenses of a voyage; yet it may be that the voyage was a losing one, and hence its interruption was no actual loss. Where loss of freight occurs,—that is, net loss,—the amount may be included; but there is no such item here. Hence the libellant's exceptions must be overruled. *The Baltimore*, 8 Wall. 377; *The Cayuga*, 14 Wall. 270; *The Atlas*, 93 U. S. Rep. 302.

None of the cases cited do more than state the general rule; yet that rule, in its application, must control. Respondent, on the other hand, excepts on the ground that the demurrage is fixed at too high a rate. An examination of the testimony shows that $100 per day would be a fair rate for a charter-party, instead of $140 per day.

The exceptions of respondent. are sustained; and, instead of sending the cause back to the commissioner, the amount of damage will be reduced accordingly.

NOTE. See *Guibert & Son.* v. *The British Ship George Bell,* 3 FED. REP. 581.

**END OF CASES IN VOL. 4**